UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN DAMOND (#1200123529)** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-299-SDD-EWD** |
| **JANICE MARTIN, ET AL.** | |

*CONSOLIDATED WITH*

| | |
|---|---|
| **GLENN DAMOND (#1200123529)** | **CIVIL ACTION NO.** |
| **VERSUS** | **20-420-SDD-EWD** |
| **STATE OF LOUISIANA, ET AL.** | |

## ORDER

Glenn Damond ("Plaintiff"), who is representing himself and is incarcerated at the East Baton Rouge Parish Prison ("EBRPP") in Baton Rouge, Louisiana, filed these actions pursuant to 42 U.S.C. § 1983 against numerous officials and entities. Plaintiff makes a wide range of allegations from accusations that defendants exposed him to black mold to claims that prison staff refused to administer an HIV test.[1] Pursuant to a prior Orders in each case (No. 20-299, R. Doc. 7 and No. 20-420, R. Doc. 3), Plaintiff was originally granted authorization to proceed as a pauper; however, Plaintiff is no longer entitled to proceed as a pauper in these cases.

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

---

[1] *See, generally*, Civil Action No. 20-299, R. Doc. 5 (Plaintiff also makes allegations regarding interference with mail (R. Doc. 5, pp. 9-10); "threats" on his mother's and ex-girlfriend's lives, as well as his own (R. Doc. 5, pp. 11-12); general complaints regarding his conditions of confinement including the lack of air and presence of COVID-19 at EBRPP (R. Doc. 5, p. 12)). Civil Action No. 20-420 includes many of the same allegations: exposure to black mold (R. Doc. 1, p. 7); request for HIV test (R. Doc. 1, p. 8); general conditions of confinement, including lack of air and presence of COVID-19 at EBRPP (R. Doc. 1, pp. 8-9).

>or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has now, on three or more prior occasions while incarcerated, brought actions or appeals in the federal court that have been dismissed as frivolous, malicious, or for failure to state a claim.[2] Though Plaintiff's latest and third strike was entered after the filing of these lawsuits, the third strike is still a basis for revocation of pauper status.[3]

An inmate who has had three prior "strikes" may still qualify to file a new civil action *in forma pauperis* upon a showing of imminent danger. However, this exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm.[4] An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of exposure to a "serious physical injury."[5] The possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger.[6] The imminent danger claimed by the inmate must also be real, and not merely speculative or hypothetical.[7]

Plaintiff's Complaints consist largely of claims regarding his arrest, initial detention at EBRPP, and the alleged refusal of defendants to release him, as they have other prisoners, because of the COVID-19 pandemic. Plaintiff's complaints regarding the method in which he was brought

---

[2] Cases filed by Plaintiff that have been dismissed by this Court as frivolous or for failure to state a claim include, but are not limited to, *Damond v. State of Louisiana, et al.*, Civil Action No. 20-437 (M.D. La.); *Damond v. Sanders, et al.*, 09-945 (M.D. La.); *Damond v. McDonald, et al.*, Civil Action No. 09-745 (M.D. La.).
[3] *See McGrew v. Barr*, No. 10-272, 2011 WL 1107195 (M.D. La. March 22, 2011) (finding it proper to revoke pauper status based on strikes entered after the pertinent lawsuit was filed).
[4] *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998).
[5] 28 U.S.C. § 1915(g).
[6] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").
[7] *Davis v. Stephens*, No. 14–10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

to EBRPP and interrogations that occurred are complaints of past harm that will not allow an inmate to avoid application of the three-strikes rule.[8]

Regarding future harm, though Plaintiff states he has a general fear of contracting COVID-19, this is also insufficient to demonstrate imminent danger of serious physical injury.[9] Similarly, Plaintiff appears to claim that he has been previously diagnosed with "a deadly disease" and "once with another deadly disease in his breathing" but has not received his medications in over 120 days.[10] While an ongoing lack of medical treatment for a serious medical condition may rise to the level of imminent danger, "[t]o satisfy the 'imminent danger' exception, a complainant must offer specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."[11] Plaintiff has not pled facts to meet this requirement; other than Plaintiff's conclusory allegation regarding "deadly disease," he has only offered facts indicating he has experienced symptoms such as coughing, sneezing, and, occasionally, bleeding in his mouth.[12] These facts do not indicate Plaintiff is in imminent danger of serious physical injury, and his allegations regarding not receiving medications for his "deadly

---

[8] *Banos*, 144 F.3d at 884–885.

[9] Not only do general fears of COVID-19 not warrant application of the imminent danger exception, but such claims have also been dismissed as legally frivolous. *See Newton v. Louisiana Department of Corrections*, No. 20-447, 2020 WL 1869018, at *2 (W.D. La. April 13, 2020) citing *United States v. Clark*, No. 19-40068, 2020 WL 1446895, at *3 (D. Kan. March 25, 2020); *United States v. Eberhart*, No. 13-313, 2020 WL 1450745 at *2 (N.D. Cal. March 25, 2020); *Jackson v. Walz*, No. 19-2612, 2020 WL 1442641 (D. Minn. March 24, 2020); *Carter v. Santa Fe Adult Det. Ctr.*, No. 20-271, 2020 WL 1550888 (D.N.M. Apr. 1, 2020). This further supports the undersigned's refusal to apply the imminent danger exception in this case.

[10] R. Doc. 3-1, p. 2.

[11] *Jackson v. United States*, No. 15-696, 2016 WL 1375591, at *2 (N.D. Tex. Apr. 7, 2016), citing *Fuller v. Wilcox*, 288 Fed. App'x. 509, 511 (10th Cir. 2008).

[12] No. 20-299, R. Doc. 5, p. 9. Though Plaintiff alleges he has not received medication for these alleged "deadly diseases," he admits in his Complaint that his sick call requests have been answered, and he has at least received some medications. No. 20-420, R. Doc. 1, p. 8. It appears Plaintiff has simply not received the treatment he would prefer, which does not state a claim of constitutional dimension, (*Henderson v. Tanner*, No. 15-804, 2019 WL 885914, at *5 (M.D. La. Feb. 22, 2019) ("[t]he Eighth Amendment does not guarantee an inmate his choice of treatment or the right to dictate the type or dosage of medication prescribed to him. In fact, the Fifth Circuit has held that deliberate indifference is especially hard to show when the inmate was provided with ongoing medical treatment.") (internal quotation marks and citations omitted)), and certainly, does not compel application of the imminent danger exception.

3

diseases" are too general to warrant application of the imminent danger exception.[13] Moreover, Plaintiff admits at least some of his sick call requests have been answered.[14] Finally, Plaintiff's fears regarding other future potential medical problems that may arise due to alleged exposure to black mold and the like are also too attenuated to meet the imminent danger exception.[15] Thus, Plaintiff's allegations do not rise to the level necessary for Plaintiff to benefit from the imminent danger exception.[16]

The express purpose of 28 U.S.C. § 1915(g) is to deter frivolous prisoner filings in federal courts.[17] "The limited exception provided in subsection (g) for imminent danger of serious physical injury operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury."[18] Plaintiff fails to show that his circumstances warrant an exception. This Ruling does not prevent Plaintiff from pursuing his claims in federal court, it merely denies him the privilege of doing so without paying the full

---

[13] *See Buckenberger v. Louisiana DPS&C*, No. 15-732, 2016 WL 707024, at *5 (M.D. La. Feb. 22, 2016) ("Courts also deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous…The courts have held that the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury; general allegations not grounded in specific facts indicating that serious injury is imminent are not sufficient to invoke the exception….") (internal quotation marks and citations omitted).
[14] No. 20-420, R. Doc. 1, p. 8 ("Claimant filed five different medical request forms, from which 2 were ignored and 3 were answered.")
[15] *See Johnson v. Abangan*, No. 17-102, 2018 WL 1352275, at *2 (S.D. Miss. March 15, 2018) (fears about future injury do not amount to imminent danger). Plaintiff has expressed concern that he may have contracted HIV because he was housed near another inmate who had allegedly been raped. Based upon this and his fear of contracting COVID, Plaintiff has requested various medical attention. He also alleges he is weak and has swollen glands and coughs. No. 20-420, R. Doc. 1, pp. 7-8. None of the facts indicate Plaintiff is in imminent danger of serious physical injury.
[16] Overall, Plaintiff's complaints and various other documents filed with this Court indicate he is fearful of disease, in general; he is fearful of his "deadly diseases," COVID, black mold, HIV, etc. Unsubstantiated fear is insufficient to warrant application of the imminent danger exception. *See, e.g.*, *Scott v. Stark*, No. 17-1697, 2019 WL 157733, at *2 (M.D. La. Jan 10, 2019).
[17] *Castillo v. Bickham*, No. 14-2917, 2015 WL 251708, at *3 (E.D. La. Jan. 20, 2015), citing *Ball v. Famiglio*, No. 11-1834, 2015 WL 136568, at *4, quoting *Abdul–Akbar v. McKelvie*, 239 F.3d 307, 318–19 (3d Cir. 2001).
[18] *Castillo*, 2015 WL 251708, at *3.

amount of the Court's filing fee.  Because the cases have been consolidated, Plaintiff will only be required to pay one filing fee.[19]

Accordingly,

**IT IS ORDERED** that the Orders of this Court (No. 20-299, R. Doc. 7 & No. 20-420, R. Doc. 3), pursuant to which Plaintiff was granted *in forma pauperis* status in the above-captioned proceedings, are **VACATED**.

**IT IS FURTHER ORDERED** Plaintiff's Motions to Proceed *in Forma Pauperis*[20] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay $390.00, the remaining amount of the Court's filing fee[21] by no later than October 20, 2020.  The filing fee must be paid in full in a single payment.  No partial payments will be accepted.

**Failure to pay the Court's filing fee by October 20, 2020 will result in the dismissal of Plaintiff's action without further notice from the Court.**

Signed in Baton Rouge, Louisiana, on September 29, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[19] *See Boones v. Director*, No. 07-54 c/w 07-74, 2007 WL 906335 (E.D. Tex. March 21, 2007) (charging one filing fee in consolidated habeas actions).
[20] No. 20-299, R. Doc. 2; No. 20-420, R. Doc. 2.
[21] Pursuant to this Court's previous grant of pauper status, Plaintiff made a payment of $10.00.